PEOPLE v WEBB

Docket No. 78-4802. Submitted February 15, 1980, at Lansing.—Decided April 1, 1980. Leave to appeal applied for.

Lee A. Webb, Jr., was convicted of carrying a concealed weapon, Kent Circuit Court, George R. Cook, J. In a hearing to determine the disposition of defendant's child, the defendant became hostile and angry and left the courtroom. LaVella Bolden, hearing coordinator with a duty to insure order in the courtroom, became suspicious of defendant's actions and had been informed that defendant had a history of carrying a concealed weapon. She searched his briefcase without his consent. A gun was found and confiscated by the police. This gun became the basis for the charges in the criminal information. Defendant appeals. On appeal, defendant contends that the trial court should have refused to admit the gun into evidence at trial because it was seized as the result of an illegal search. *Held:*

The trial court properly admitted the gun at the trial. Defendant's behavior and the knowledge that defendant had a history of carrying a concealed weapon created a reasonable suspicion. Searches under these circumstances are not governed by the probable cause standard of the Fourth Amendment but by the less restrictive reasonable suspicion standard. Ms. Bolden's search of defendant's briefcase was based upon reasonable suspicion.

Affirmed.

1. CONSTITUTIONAL LAW — GOVERNMENT OFFICIALS — ARBITRARY INVASIONS OF PRIVACY.

The basic purpose of the Fourth Amendment is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials.

2. SEARCHES AND SEIZURES — GOVERNMENT EMPLOYEES — PROBABLE CAUSE — REASONABLE SUSPICION.

A juvenile hearing coordinator in her capacity as a non-law

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law § 601.
68 Am Jur 2d, Searches and Seizures § 4.
[2] 68 Am Jur 2d, Searches and Seizures § 41 *et seq.*

enforcement government employee with a duty to insure order in a courtroom may search a person's personal belongings upon reasonable suspicion that they contain a threat to discipline and security in the courtroom; the reasonableness of the search, under these circumstances, is not governed by the probable cause standard but by the less restrictive reasonable suspicion standard.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Logan & McWilliams,* for defendant.

Before: J. H. GILLIS, P.J., and ALLEN and M. J. KELLY, JJ.

M. J. KELLY, J. Lee Andrew Webb, Jr., appeals of right from his July 11, 1978, bench trial conviction of carrying a concealed weapon, contrary to MCL 750.227; MSA 28.424. Defendant was ordered to pay a fine of $250 and $250 court costs or spend 60 days in the county jail.

The present charge arises out of an incident that occurred during a dispositional hearing in the Kent County Juvenile Court to determine whether the daughter of defendant, who had been adjudicated a ward of the court, should be returned to her parents or remain in foster care. At one point during the hearing defendant became hostile and angry and left the courtroom, making sure that he took his briefcase with him. Ms. LaVella Bolden, the neglect hearing coordinator employed by the juvenile court, watched defendant and became suspicious. Ms. Bolden's duties, in addition to coordinating the hearings between all the appropriate parties, included keeping order in the courtroom by seeking help in case anyone became unruly.

Ms. Bolden found out that defendant had a history of carrying a concealed weapon, and she subsequently searched defendant's briefcase without his consent. Ms. Bolden found an envelope which contained something that felt like a gun. Attorney Robert Relph, representing defendant's daughter, later opened the envelope, found a gun inside, and called the law enforcement officers who confiscated the gun. Defendant argues that the trial court should have refused to admit the gun into evidence at trial since it was seized as the result of an illegal search.

In *Michigan v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1978), the Supreme Court stated, at 504 and 505:

"* * * As this Court stated in *Camara v Municipal Court,* 387 US 523, 528, 18 L Ed 2d 930, 87 S Ct 1727, the 'basic purpose of this Amendment * * * is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials.' The officials may be health, fire or building inspectors. Their purpose may be to locate and abate a suspected public nuisance, or simply to perform a routine periodic inspection. * * * These deviations from the typical police search are thus clearly within the protection of the Fourth Amendment."

In *People v Ward,* 62 Mich App 46; 233 NW2d 180 (1975), *lv den* 395 Mich 767 (1975), the Michigan Court of Appeals found that a public high school principal was a government official for purposes of the Fourth Amendment, and thus his search of a student for drugs must be reasonably based on suspicion. The Court stated, at 51, that because of "the public interest in maintaining an effective system of education and the more immediate interest of a school official in protecting the well-being of the students entrusted to his supervi-

sion against the omnipresent dangers of drug abuse", the reasonableness of the search was governed not by the probable cause standard, but by the less restrictive reasonable suspicion standard.

In the present case, Ms. Bolden searched defendant's briefcase in her capacity as a non-law enforcement government employee whose duty it was to insure order in the courtroom, if not personally, then at least by calling for assistance. Her duty to maintain order can be analogized to the duties of the principal in *People v Ward, supra.* In both cases the need to search was compelling. Here defendant's briefcase was reasonably thought to contain a threat to discipline and security in the courtroom essential to the integrity of the judicial system. Therefore, the reasonableness of the search of defendant's briefcase should be tested under the reasonable suspicion standard.

In the present case, defendant's behavior during the hearing aroused Ms. Bolden's suspicions. In addition she was informed that defendant had a history of carrying a concealed weapon. Ms. Bolden's suspicion that defendant was carrying a concealed weapon on that particular occasion was at least as reasonable as the suspicion of the principal in *People v Ward, supra.* Thus the search of defendant's briefcase satisfied the reasonable suspicion test adopted in *People v Ward;* therefore, the trial court did not err by refusing to exclude the evidence of the gun from the trial.

Affirmed.